IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **LEAGUE OF WILDERNESS DEFENDERS/BLUE MOUNTAINS BIODIVERSITY PROJECT**, <br><br> Plaintiff, <br><br> v. <br><br> **UNITED STATES FOREST SERVICE** and **KENT CONNAUGHTON**, Regional Forester, Pacific Northwest Region of the U.S. Forest Service, in his official capacity, <br><br> Defendants. | Case No. 3:10-cv-01397-SI <br><br> **OPINION AND ORDER** |

R. Scott Jerger, Field Jerger LLP, 621 S.W. Morrison Street, Suite 1225, Portland, OR 97205 and Thomas C. Buchele, Earthrise Law Center, 10015 S.W. Terwilliger Blvd., Portland, OR 97219. Of Attorneys for Plaintiffs.

Robert G. Dreher, Acting Assistant Attorney General, Environment and Natural Resources Division, Jason A. Hill and Kent E. Hanson, U.S. Department of Justice, Environment and Natural Resources Division, 601 D. Street, N.W., Washington, D.C. 20004. S. Amanda Marshall, United States Attorney, and Stephen J. Odell, Assistant United States Attorney, District of Oregon, 1000 S.W. Third Avenue, Suite 600, Portland, OR 97204. Of Attorneys for Defendants.

**Michael H. Simon, District Judge.**

On August 10, 2012, the Court granted in part the League of Wilderness Defenders/Blue Mountains Biodiversity Project's motion for summary judgment against the U.S. Forest Service

PAGE 1 – OPINION AND ORDER

and its Regional Forester for the Pacific Northwest Region. *League of Wilderness Defenders/Blue Mountains Biodiversity Project vs. U.S. Forest Serv.*, 883 F. Supp. 2d 979 (D. Or. 2012). The Court held that the Forest Service acted arbitrarily and capriciously, in violation of the Administrative Procedure Act, by insufficiently analyzing the cumulative impacts of its proposed action as required by the National Environmental Policy Act, 42 U.S.C. § 4321, *et seq.* ("cumulative impacts claim"). Defendants are not appealing this decision.[1]

The Court also found in favor of Defendants on all claims asserted under the National Forest Management Act and the Clean Water Act and as to the "purpose and need claim" brought by Plaintiff. Plaintiff is appealing that decision.

On July 17, 2013, Plaintiff filed its application for attorney's fees under the Equal Access to Justice Act ("EAJA"), seeking fees for the litigation of the cumulative impacts claim. ECF 98. Before the Court is Defendants' motion to stay Plaintiff's petition for attorney's fees. ECF 118. For the reasons stated below, Defendants' motion is denied.

## DISCUSSION

Defendants argue that Plaintiff's fee application should be stayed to avoid piecemeal litigation of fees (litigation of fees now on the successful cumulative impacts claim that is not being appealed and litigation of fees later on any of the other claims if Plaintiff prevails on appeal) and to avoid confusion and the risk of overcompensation should Plaintiff seek additional fees if successful on appeal. Plaintiff responds that it is seeking fees only related to the cumulative impacts claim, that it will not be difficult for a court to determine applicable additional fees if Plaintiff is successful on appeal, and that a stay will prejudice Plaintiff because

---

[1] Defendants filed, then dismissed, their appeal.

PAGE 2 – OPINION AND ORDER

it will take an additional one or two years for Plaintiff's appeal on the other claims to be finally resolved.

"The purpose behind the EAJA is 'to diminish the deterrent effect of seeking review of, or defending against governmental action because of the expense involved in securing the vindication of . . . rights.'" *Forest Conservation Council v. Devlin*, 994 F.2d 709, 712 (9th Cir. 1993) (alteration in original) (quoting *Sullivan v. Hudson*, 490 U.S. 877, 883 (1989)); *see also U.S. v. Real Property at 2659 Roundhill Drive, Alamo, Cal.*, 283 F.3d 1146, 1156 (9th Cir. 2002) ("The EAJA is meant to help private parties challenge unjustifiable government actions. By subsidizing their attorney fees, the EAJA makes it harder for the government to use its superior financial resources to wear them down, even though its position is frivolous."); *In re Petition of Hill*, 775 F.2d 1037, 1040 (9th Cir. 1985) (adopting the Second Circuit's "dual purposes" of the EAJA as being "to remove the financial disincentive for individuals and small businesses challenging or defending against government regulatory conduct where the cost of attorneys may be prohibitive, and to encourage challenges to improper government action as a means of helping to formulate better public policy"). The U.S. Court of Appeals for the Ninth Circuit encourages deciding fee applications while an appeal is pending because doing so: (1) best serves the policy against piecemeal appeals; (2) prevents hasty consideration of postjudgment fee motions; and (3) prevents a delay of fee consideration until after an appellate mandate, when "the relevant circumstances will no longer be fresh in the mind of the district judge." *Masalosalo by Masalosalo v. Stonewall Ins. Co.*, 718 F.2d 955, 957 (9th Cir. 1983).

Here, the pending appeal is not related to the cumulative effects claim, on which Plaintiff's base their fee application—the Court's decision on that claim is not being appealed. Thus, adjudication of fees for the cumulative effects claim will happen, either now or after the

appeal. Considering the fee application now comports with the policy concerns expressed by the Ninth Circuit in *Masalosalo*. It also comports with the purpose behind the EAJA to diminish the deterrent effect of litigating governmental action and remove the financial disincentive. Delaying adjudication of fees on a claim for which no appeal is pending may deter attorneys from pursuing this type of action or pursuing potentially meritorious appeals on other issues. *Accord Moreno v. City of Sacramento*, 534 F.3d 1106, 1111 (9th Cir. 2008) (stating, with regards to fee awards under 42 U.S.C. § 1988, that "[l]awyers must eat, so they generally won't take cases without a reasonable prospect of getting paid. Congress thus recognized that private enforcement of civil rights legislation relies on the availability of fee awards"); *Golden Gate Audubon Soc'y, Inc. v. U.S. Army Corps of Eng'rs.*, 732 F. Supp. 1014, 1021 (N.D. Cal. 1989) (awarding interim fees under EAJA while appeal was pending and noting "that the purpose of awarding interim fees is to maintain an equal position among the parties and to ensure that plaintiffs can continue actively pursuing the litigation. Otherwise, defendants could attempt to prevail through a war of attrition." (citing *Rosenfeld v. United States*, 859 F.2d 717, 721 (9th Cir. 1988)).

  Defendants' argument that Plaintiff has created the need for this delay by filing the appeal is not persuasive. Accepting Defendants' argument would leave a plaintiff in the untenable situation of either filing an appeal when the plaintiff believes it is warranted and delay, for possibly several years, receiving attorney's fees on a successful claim that is not being appealed or foregoing an appeal that a plaintiff believes is meritorious in order to obtain immediate adjudication of attorney's fees on the already-determined successful claim.

  Defendants' argument that Plaintiff's fee application should be stayed because Plaintiff, if successful on appeal, may later file another fee application that will need to be adjudicated for whatever claim or claims Plaintiff succeeds on appeal is also unpersuasive. The Court is capable

PAGE 4 – OPINION AND ORDER

of analyzing the fee application relating to the cumulative benefits claim and, if necessary, analyzing a later fee application relating to any other claim successfully appealed by Plaintiff. The Court does not believe that in the circumstances of this case there is an undue risk of confusion or potential overcompensation. The benefit in analyzing at the same time all fees for all successful claims does not outweigh the policy considerations that support adjudicating at this time Plaintiff's fee application on the cumulative benefits claim. Thus, Defendants' motion to stay is denied.

## CONCLUSION

Defendants' motion to stay Plaintiff's petition for attorney's fees (ECF 118) is DENIED. Defendants shall have until May 9, 2014, to file their response to Plaintiff's application for attorney's fees.

**IT IS SO ORDERED**.

DATED this 9th day of April 2014.

/s/ Michael H. Simon
Michael H. Simon
United States District Judge

PAGE 5 – OPINION AND ORDER